EAST BATON ROUGE PARISH    C-737343
Filed Aug 30, 2023 10:34 AM        24
Deputy Clerk of Court
E-File Received Aug 29, 2023 5:45 PM

## THE 19TH JUDICIAL DISTRICT COURT FOR EAST BATON ROUGE PARISH

### STATE OF LOUISIANA

NO.:                    SECTION                DIVISION " "

### JAMES MCGEE

### VERSUS

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____        _____
                                        DEPUTY CLERK

### PETITION FOR DAMAGES

Now into Court, through undersigned counsel, comes Plaintiff, James McGee, who files this Petition for Damages and respectfully represents that:

1. Made Plaintiff herein is **James McGee (or "Plaintiff")**, a person of the full age of majority and domiciled in East Baton Rouge Parish, State of Louisiana.

2. Made Defendant herein is **State Farm Fire and Casualty Company ("State Farm Fire and Casualty Company")**, incorporated under the laws of Illinois, with a principal place of business at One State Farm Plaza Bloomington Il 61710Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through Louisiana Secretary of State 8585 Archives Ave Baton Rouge 70809.

3. This Court has subject matter jurisdiction over the matters alleged herein, particularly under La. Stat. Ann. §22:868(A)(2).

4. Defendant entered into a contract of insurance with the Plaintiff in Louisiana, whereby the Plaintiff paid a premium to Defendant for their promise to compensate the Plaintiff in the event of a covered loss. Defendant is transacting the business of insurance in the state of Louisiana and the basis of this suit arises out of such conduct.

5. Venue is proper in this Court because the subject property is located in East Baton Rouge Parish and the loss occurred in East Baton Rouge Parish.

### FACTS

6. Plaintiff contracted with Defendant to insure the property located at 421 Chesterfield Drive, Baton Rouge, LA 70815 (the "insured premise").

7. The insured premise is the location of Plaintiff's personal residence.

*Petition for Damages - Page 1 of 6*

Certified True and
Correct Copy
CertID: 2023090100839

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).



EXHIBIT

A

8.  The insured premise is covered under a policy issued by Defendant (the "Policy"), which provided insurance coverage for the Property.

9.  Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

10. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

11. On August 29, 2021, while the policy was in full force and effect, Hurricane Ida made landfall over Southeast Louisiana.

12. Hurricane Ida was a major category four hurricane.

13. Hurricane Ida produced winds of 150 mph.

14. As a result of Hurricane Ida, the insured premises sustained damages.

15. Devastating winds and wind-driven rain lasted for several hours as the hurricane passed over Southeast Louisiana.

16. As a result of Hurricane Ida, the Plaintiff's property suffered extensive damage. The property sustained significant damage to its structure.

17. Plaintiff provided timely and proper notice to Defendant of the claim.

18. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

19. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

20. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

21. Defendant was given full access to inspect the insured premises. Defendant has had ample opportunity to view the extensive damage to the property.

22. Louisiana law provides claims handling timelines which are strictly construed.

*Petition for Damages - Page 2 of 6*


**Certified True and Correct Copy**
CertID: 2023090100839

*Juq Next*

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

23. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

24. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

25. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

26. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

27. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

28. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

29. In compliance with their duties, Plaintiff cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

*Petition for Damages - Page 3 of 6*


**Certified True and Correct Copy**
CertID: 2023090100839

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

30. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. Plaintiff had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

32. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage.

33. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

34. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the Policy. This cooperation in no way waives Defendant's duties under the law.

35. Plaintiff is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from Hurricane Ida.

### BREACH OF CONTRACT

36. Despite more than sufficient proof of loss, Defendant failed to timely and adequately tender payment of insurance proceeds as required under the Policy.

37. At all relevant times, Defendant provided insurance coverage for the matters, risks, and damages involved herein. The Policy contained a hurricane and/or windstorm endorsement that provided coverage for all of the damages sustained at the Property to which Plaintiff is entitled, including but not limited to dwelling coverage, contents coverage, loss of use coverage, recoverable depreciation, as well as all repair/replacement costs, and all other damages which will be disclosed through discovery and proven at trial.

38. Defendant's failure to timely provide adequate payment for clearly covered losses is in breach of and in violation of the Policy. Coverage under the Policy remains available and is due to Plaintiff.

### STATUTORY DAMAGES, PENALTIES, ATTORNEY'S FEES, AND COSTS

*Petition for Damages - Page 4 of 6*


Certified True and
Correct Copy
CertID: 202309010839

*Jazy Nault*

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

39. Defendant's conduct and failure to timely pay insurance proceeds due under its Policy is in clear violation of La. R.S. 22:1892 and La. R.S. 22:1973. Plaintiff, therefore, seeks the recovery of damages, attorney's fees, penalties, and costs under these statutes.

40. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

      a. Repair and remediation expenses;

      b. Inability to make appropriate repairs due to inadequate insurance payments;

      c. Diminution in value of property;

      d. Actual damages related to the increased cost of repairs;

      e. Mental anguish;

      f. Attorney's fees and penalties; and

      g. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY TRIAL

41. Plaintiff prays for and is entitled to a trial by jury, with a bond to be set at a later date.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, James McGee, prays that the Defendant, State Farm Fire and Casualty Company, be served with a copy of this Petition and be duly cited to appear and answer the same, and that there be judgment rendered in favor of Plaintiff and against Defendant in an amount that will fully compensate Plaintiff for all damages; and for prejudgment interest from the date of Plaintiff's filing of the lawsuit, for post judgment interest on the judgment at the rate allowed by law, for all costs of these proceedings, for attorney's fees, penalties, and costs, and for all further relief, both in law and in equity, to which Plaintiff may show themself justly entitled.

Respectfully Submitted,

Chinwe Ndidi Onyenekwu
Louisiana Bar Number: 34013
chewa@galindolaw.com

Mark Ladd
Louisiana Bar Number: 30847
mark@galindolaw.com

*Petition for Damages - Page 5 of 6*


**Certified True and Correct Copy**
CertID: 2023090100839

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Harry E. Cantrell, Jr.
Louisiana Bar Number: 03852
OF Counsel

Galindo Law Firm
3850 North Causeway Blvd. Ste. 1520
Metairie, Louisiana 70002
Ph. 71 3-228-3030
Fax 713-228-3003
Email: hurricane@galindolaw.com
**ATTORNEYS FOR PLAINTIFF**

<u>**PLEASE SERVE:**</u>
State Farm Fire and Casualty Company
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

*Petition for Damages - Page 6 of 6*


**Certified True and
Correct Copy**
CertID: 2023090100839

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

```
┌──────────────────────────────────────┐
│ EAST BATON ROUGE PARISH   C-737343    │
│ Filed Aug 30, 2023 10:34 AM   24      │
│ Deputy Clerk of Court                 │
│ E-File Received Aug 29, 2023 5:45 PM  │
└──────────────────────────────────────┘
```

**APPENDIX 9.6**
**LOUISIANA CIVIL CASE REPORTING**

Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court
General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized
representative, or by the self-represented litigant (if not represented by counsel) and submitted with the
original petition filed with the court.  The information should be the best available at the time of filing.
This information does not constitute a discovery request, response or supplementation, and is not
admissible at trial.

**Suit Caption:**

                    JAMES MCGEE          vs.    STATE FARM FIRE AND CASUALTY COMPANY

**Court:** 19TH JUDICIAL DISTRICT COURT          **Docket Number:** _____

**Parish of Filing:** EAST BATON ROUGE          **Filing Date:** _____

**Name of Lead Petitioner's Attorney:** Chinwe Onyenekwu _____

**Name of Self-Represented Litigant:**_____

**Number of named petitioners:** 1____          **Number of named defendants:** 1____

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit
(no more than 3 categories should be checked):**

| | |
|---|---|
| __Auto: Personal Injury | __ Auto: Property Damage |
| __Auto: Wrongful Death | __ Auto: Uninsured Motorist |
| __Asbestos: Property Damage | __ Asbestos: Personal Injury/Death |
| __Product Liability | __ Premise Liability |
| __Intentional Bodily Injury | __ Intentional Property Damage |
| __Intentional Wrongful Death | __ Unfair Business Practice |
| __Business Tort | __ Fraud |
| __Defamation | __ Professional Negligence |
| __Environmental Tort | __ Medical Malpractice |
| __ Intellectual Property | __ Toxic Tort |
| __ Legal Malpractice | ☒ Other Tort (describe below) |
| __ Other Professional Malpractice | __ Redhibition |
| __ Maritime | __ Class action (nature of case) |
| __ Wrongful Death | _____ |
| __General Negligence | |

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Hurricane IDA, Breach of Contract: Defendant's conduct and failure to timely pay
Insurance proceeds due under the policy.

Following the completion of this form by counsel, counsel's representative, or by the self-represented
litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of
Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Chinwe  Onyenekwu          Signature  *Chinwe Onyenekwu*

Address 3850 North Causeway Blvd. Ste 1520, Metairie, LA 70002

Phone number: 713-228-3030          E-mail address: hurricane@galindolaw.com

Certified True and
Correct Copy
CertID: 2023090100840

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/1/2023 4:12 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**SERVICE COPY**



**D12302147**

# CITATION

JAMES MCGEE
(Plaintiff)

VS

STATE FARM FIRE AND CASUALTY
COMPANY
(Defendant)

NUMBER C-737343  "24"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   STATE FARM FIRE AND CASUALTY COMPANY
      THROUGH ITS REGISTERED AGENT:
      LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you.  Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **SEPTEMBER 1, 2023.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **ONYENEKWU, CHINWE NDIDI**
*The following documents are attached:

**PETITION FOR DAMAGES, CIVIL CASE REPORTING**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**       After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

**SERVICE COPY**



**D12302147**

# CITATION

JAMES MCGEE
(Plaintiff)

VS

STATE FARM FIRE AND CASUALTY
COMPANY
(Defendant)

**NUMBER C-737343   "24"**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

SERVED ON
R. KYLE ARDOIN

SEP 0 7 2023

SECRETARY OF STATE
COMMERCIAL DIVISION

TO:   STATE FARM FIRE AND CASUALTY COMPANY
THROUGH ITS REGISTERED AGENT:
LOUISIANA SECRETARY OF STATE

GREETINGS:

      Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

      Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

      If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **SEPTEMBER 1, 2023.**



*Tracey Hewitt*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: ONYENEKWU, CHINWE NDIDI
*The following documents are attached:

PETITION FOR DAMAGES, CIVIL CASE REPORTING

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

RECEIVED

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

SEP 0 6 2023

E B R SHERIFF'S OFFICE

CITATION-2000

EAST BATON ROUGE PARISH
Filed Nov 08, 2023 2:14 PM
Deputy Clerk of Court
FAX Received Nov 02, 2023

C-737343
24

LAW OFFICES

# PLAUCHÉ, SMITH & NIESET, L.L.C.

1123 PITHON STREET

JAMES R. NIESET*
FRANK M. WALKER, JR.
CHRISTOPHER P. IEYOUB
V. ED MCGUIRE, III
ERIC W. ROAN
SAMUEL B. GABB
KYLE M. BEASLEY
TAYLOR A. THIBODEAUX
CHRISTOPHER J. RINN
ERIK N. FAIN
JACINDA L. DENISON
PEYTON ROBERTSON
KAREN GREEN
QUINN WALKER

S.W. PLAUCHÉ (1889-1952)
S.W. PLAUCHÉ, JR. (1915-1966)
A. LANE PLAUCHÉ (1919-2006)
ALLEN L. SMITH, JR. (1936-2015)

P.O. DRAWER 1705
LAKE CHARLES, LA 70602

(337) 436-0522
FAX (337) 436-9637

www.psnlaw.com

* Of Counsel

Email: @psnlaw.com

November 2, 2023

Clerk of Court
19th JDC, Parish of East Baton Rouge
300 North Blvd
Baton Rouge, LA 70801

> Re:   James McGee
>       Court No. C-737343, Div., 24

Dear Clerk of Court:

Enclosed for you will find an original and one (1) copy of Answer and Defenses with Request for Written Notice for filing in the above-captioned case. Our firm's check in the amount of $200.00 is enclosed to cover the filing fee. Please return a **conformed** copy to me in the self-addressed, stamped envelope provided.

Your assistance in this matter is appreciated.

Sincerely,

Brandy Rozas
Legal Assistant to
CHRISTOPHER J. RINN

CJR/br

Enclosures

cc:   Chinwe Onyenekwu (w/encl.) (via email)

EAST BATON ROUGE PARISH   C-737343
Filed Nov 08, 2023 2:14 PM       24
Deputy Clerk of Court
FAX Received Nov 02, 2023

JAMES MCGEE                          :   19TH JUDICIAL DISTRICT
                                         COURT

VS. NO. C-737343 Div. 24            :   PARISH OF EAST BATON ROUGE

STATE FARM FIRE AND                 :   STATE OF LOUISIANA
CASUALTY COMPANY

_____                _____
FILED                                    DEPUTY CLERK OF COURT

_____

### ANSWER AND AFFIRMATIVE DEFENSES
_____

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **State Farm Fire and Casualty Company** ("State Farm"), to file this Answer and Defenses and, in support of same, states as follows:

### FIRST DEFENSE

The claims asserted in the Complaint for Damages are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiff, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### SECOND DEFENSE

Certain damages sought by Plaintiff were not caused by a covered cause of loss pursuant to the terms and conditions of the applicable State Farm Insurance policy.

### THIRD DEFENSE

To the extent that Plaintiff has already received any payments from State Farm for their loss, and in the event of a further judgment in favor of the Plaintiff, State Farm claims a credit or offset for all amounts previously paid.

### FOURTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

### SECTION I – LOSSES NOT INSURED

1.     We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

       ....

1

g.  wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.  corrosion, electrolysis, or rust;

i.  wet or dry rot;

....

k.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs or ceilings;

....

However, we will pay for any resulting loss from items a. through l unless the resulting loss is itself a Loss Not Insured as described in this Section.

**FIFTH DEFENSE**

State Farm avers that the insurance policy at issue excludes the following losses:

**SECTION I – LOSSES NOT INSURED**

....

2.  We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or external forces, or occurs as a result of any combination of these:

....

d.  Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

....

g.  Fungus, including:

(1)  any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the residence premises or location of the rebuilding, repair, or replacement, by fungus;

(2)  any remediation of fungus, including cost to:

(a)  remove the fungus from covered property or to repair, restore, or replace that property; or

(b)  tear out and replace any part of the building structure or other property as needed to gain access to the fungus; or

(2)  the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of fungus, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

2

## SIXTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

### SECTION I – LOSSES NOT INSURED

....

3.      We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

     a.      conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

     b.      defect, weakness, inadequacy, fault or unsoundness in:

         (1)      planning, zoning, development, surveying, or siting;

         (2)      design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

         (3)      materials used in repair, construction, renovation, remodeling, grading, or compaction; or

         (4)      maintenance;of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

     c.      weather conditions.

However, we will pay for any resulting loss form items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described as described in this Section.

## SEVENTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

### SECTION I – LOSS SETTLEMENT

Only the Loss Settlement Provisions shown in the Declarations apply. We will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and we will not pay, any amount for diminution of value.

**COVERAGE A – DWELLING**

2.      A2 – Replacement Cost Loss Settlement – Common Construction

     a.      We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

         (1)      we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique, or custom construction with like kind and quality.

3

(2)    until actual repair or replacement is completed, we will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a. (1) above;

(3)    when the repair or replacement is actually completed as described in a. (1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(4)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(5)    we will not pay for increased costs resulting from enforcement of any ordinance or law regulating construction, repair, or demolition of a building structure or other structure, except as provided under OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.

b.    Wood Fences: We will pay the actual cash value for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – Other Structures

### EIGHTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

### SECTION I – LOSS SETTLEMENT

. . . .

### COVERAGE B – PERSONAL PROPERTY

1.    B1 – Limited Replacement Cost Loss Settlement

a.    We will pay the cost to repair or replace property covered under SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY with property of like kind and quality, except for property listed in item b. below, subject to the following:

(1)    until repair or replacement is completed, we will pay only the actual cash value of the damaged property;

(2)    after repair or replacement is completed, we will pay the difference between the actual cash value and the cost you have actually and necessarily spent to repair or replace the property; and

(3)    if property is not repaired or replaced within two years after the date of loss, we will pay only the actual cash value.

b.    We will pay market value at the time of loss for:

(1)    antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

(2)    articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors' items; and

(3)    property not useful for its intended purpose.

4

However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

    (1)    our cost to replace at the time of loss;

    (2)    the full cost of repair

    (3)    any special limit of liability described in this policy; or

    (4)    any applicable Coverage B limit of liability.

## NINTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

### SECTION I – CONDITIONS

....

2.    **Your Duties After Loss.** After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed.

....

    b.    protect the property from further damage or loss and also:

        (1)    make reasonable and necessary temporary repairs required to protect the property; and

        (2)    keep an accurate record of repair expenses;

....

    e.    submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets for the best of your knowledge and belief:

....

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180-day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

## TENTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

### SECTION I – PROPERTY COVERAGES

....

**COVERAGE C – LOSS OF USE**

The most we will pay for the sum of all losses combined under Additional Living Expense, Fair Rental Value, and Prohibited Use is the limit of liability shown in the Declarations for Coverage C – Loss of Use.

1.  Additional Living Expense. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

    a.  the time required to repair or replace the premises;

    b.  the time required for your household to settle elsewhere; or

    c.  24 months.

....

2.  Fair Rental Value. When a loss insured causes that part of the residence premises rented to others or held for rental by you to become uninhabitable, we will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by the expiration of this policy. Fair rental value will not include any expense that does not continue while that part of the residence premises rented or held for rent is uninhabitable.

3.  Prohibited Use. We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that:

    a.  direct physical damage occurs to any property, other than covered property located on the residence premises, arising from a cause of loss that would be a loss insured under this policy if the damage had occurred to the property on the residence premises;

    b.  the residence premises is within one mile of property damaged by a cause of loss identified in 3.a. above; and

    c.  the action of the civil authority is taken in response to:

        (1)  dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

        (2)  dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above;

        (3)  the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We will not pay for loss or expense due to cancellation of a lease or agreement.

### ELEVENTH DEFENSE

Should it be found that the damages sought by Plaintiff were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, State Farm pleads the "other insurance" provisions of the applicable State Farm Insurance policy.

### TWELFTH DEFENSE

At all times herein State Farm has adjusted Plaintiff's claims in good faith and in accordance with the provisions of its Policy.

6

**AND NOW**, answering the severally numbered articles of Plaintiff's Complaint, State Farm respectfully avers:

1.

State Farm does not dispute the allegations of paragraph 1.

2.

State Farm admits that it has been made a defendant herein and that it is a foreign insurance company authorized to do and doing business in the State of Louisiana.

3.

State Farm does not dispute the allegations of paragraph 3.

4.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith. All other allegations are denied.

5.

State Farm does not contest the allegations of paragraph 5 regarding venue. All other allegations of paragraph 5 are denied.

6.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith. All other allegations are denied.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith. All other allegations are denied.

9.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith. All other allegations are denied.

10.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith. All other allegations are denied.

11.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith.

12.

State Farm admits that Hurricane Ida was a category four hurricane when it made landfall. All other allegations are denied as written.

13.

State Farm admits that Hurricane Ida caused heavy wind. State Farm denies the remaining allegations of paragraph 13 for lack of sufficient information to justify a belief therein.

14.

State Farm admits that the Plaintiff's property sustained damage in Hurricane Ida. The remaining allegations of paragraph 14 are denied as written for lack of sufficient information to justify a belief therein.

15.

State Farm admits that Hurricane Ida caused heavy wind and rain. State Farm denies the remaining allegations of paragraph 15 for lack of sufficient information to justify a belief therein.

16.

State Farm admits that the Plaintiff's property sustained damage in Hurricane Ida. The remaining allegations of paragraph 16 are denied as written for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 are denied as written. Notice of the loss was reported on September 8, 2021.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith. State Farm avers it issued payment to the Plaintiff for amounts owed for which it had received satisfactory proof of loss. All other allegations are denied.

20.

State Farm admits that La. R.S. 22:1892 imposes statutory duties on State Farm and admits that the statute is the best evidence of the same and denies everything at variance therewith.

21.

The allegations of paragraph 21 are denied as written. State Farm admits that State Farm's adjuster inspected the accessible areas of the interior and exterior of the Property dwelling and adjusted for visible damage on September 25, 2021. All other allegations are denied.

22.

State Farm admits that Louisiana law places duties on insurers for the handling of insurance claims. These laws are the best evidence of their contents and State Farm denies everything in paragraph 22 at variance therewith.

23.

State Farm admits that La. R.S. 22:1892 imposes statutory duties on State Farm and admits that the statute is the best evidence of the same and denies everything at variance therewith. All other allegations are denied.

24.

State Farm admits that La. R.S. 22:1892 imposes statutory duties on State Farm and admits that the statute is the best evidence of the same and denies everything at variance therewith. All other allegations are denied.

25.

State Farm admits that La. R.S. 22:1973 imposes statutory duties on State Farm and admits that the statute is the best evidence of the same and denies everything at variance therewith. All other allegations are denied.

26.

State Farm admits that La. R.S. 22:1973 imposes statutory duties on State Farm and admits that the statute is the best evidence of the same and denies everything at variance therewith. All other allegations are denied.

27.

Paragraph 27 contains no allegations of fact, but is a statement of law that requires no response. If a response is deemed necessary, then the Louisiana cases cited in paragraph 27 are the best evidence of their contents and State Farm denies any allegations in Paragraph 27 at variance with the cited court decisions.

28.

Paragraph 28 contains no allegations of fact, but is a statement of law that requires no response. If a response is deemed necessary, then the Louisiana cases cited in paragraph 28 are the best evidence of their contents and State Farm denies any allegations in Paragraph 28 at variance with the cited court decisions.

29.

The allegations of paragraph 29 are denied as written. State Farm admits that State Farm's adjuster inspected the accessible areas of the interior and exterior of the Property dwelling and adjusted for visible damage on September 25, 2021. All other allegations are denied.

30.

Paragraph 30 contains no allegations of fact, but is a statement of case law that requires no response. If a response is deemed necessary, then the Louisiana cases cited in paragraph 30 are the best evidence of their contents and State Farm denies any allegations in Paragraph 30 at variance with the cited court decisions. All other allegations are denied.

31.

The allegations of paragraph 31 are denied as written. State Farm admits that the Plaintiff retained counsel.

32.

State Farm denies the allegations of paragraph 32 as written. State Farm avers it issued payment to the Plaintiff for amounts owed for which it had received satisfactory proof of loss. All other allegations are denied.

33.

The allegations of paragraph 33 are denied. State Farm avers it issued payment to the Plaintiff for amounts owed for which it had received satisfactory proof of loss.

34.

The allegations of paragraph 34 are denied. State Farm avers it issued payment to the Plaintiff for amounts owed for which it had received satisfactory proof of loss and has fulfilled its duties under the policy. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. All other allegations are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

37.

It is admitted that State Farm issued a policy of insurance to the Plaintiff, bearing policy number **18-BZ-N371-1**. The Policy is the best evidence of its contents, including its coverages, exclusions, and conditions. State Farm denies everything at variance therewith.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

41.

State Farm requests a trial by jury.

State Farm denies that Plaintiff is entitled to the relief sought in their prayer for relief, as stated in the unnumbered paragraph following paragraph 41 of Plaintiff's Complaint.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiff, dismissing Plaintiff's claims with prejudice at Plaintiff's costs, and for all general and equitable relief.

Respectfully submitted:

**PLAUCHÉ, SMITH & NIESET, L.L.C.**

BY: _____

CHRISTOPHER P. IEYOUB (#16978)
V. ED MCGUIRE, III (#23861)
CHRISTOPHER J. RINN (#38387)
1123 Pithon Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-0522
Facsimile: (337) 436-9637
cieyoub@psnlaw.com
emcguire@psnlaw.com
crinn@psnlaw.com
*Attorneys for Defendant,*
***State Farm Fire and Casualty Company***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have provided a copy of the above and foregoing via electronic mail, hand-delivery with signed receipt, and/or United States Mail, postage prepaid and properly addressed to all known counsel of record on this 2nd day of November, 2023.

_____

CHRISTOPHER J. RINN

JAMES MCGEE                      :  19TH JUDICIAL DISTRICT
                                   COURT

VS. NO. C-737343 Div. 24         :  PARISH OF EAST BATON ROUGE

STATE FARM FIRE AND              :  STATE OF LOUISIANA
CASUALTY COMPANY

_____                      _____
FILED                                DEPUTY CLERK OF COURT

### REQUEST FOR WRITTEN NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel for defendant, **STATE FARM FIRE AND CASUALTY COMPANY,** in the above numbered and entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for any trial or hearing of the case, whether on exception, rules or the merits thereof.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case upon the entry of any such order or judgment.

Thank you for your cooperation.

Respectfully submitted:

**PLAUCHÉ, SMITH & NIESET, L.L.C.**

By:  _____

**CHRISTOPHER P. IEYOUB (#16978)**
**V. ED MCGUIRE, III (#23861)**
**ERIC W. ROAN (#22568)**
**CHRISTOPHER J. RINN (#38387)**
1123 Pithon Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-0522
Facsimile: (337) 436-9637
cieyoub@psnlaw.com
emcguire@psnlaw.com
eroan@psnlaw.com
crinn@psnlaw.com
*Attorneys for Defendant,*
*State Farm Fire and Casualty Company*

EAST BATON ROUGE PARISH
Filed Nov 09, 2023 2:14 PM
Deputy Clerk of Court
FAX Received Nov 02, 2023

C-737343
24

JAMES MCGEE

VS. NO. C-737343 Div. 24

STATE FARM FIRE AND
CASUALTY COMPANY

19TH JUDICIAL DISTRICT
COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

FILED _____

DEPUTY CLERK OF COURT

## REQUEST FOR WRITTEN NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code

of Civil Procedure, you are hereby requested to give us, as counsel for defendant, **STATE**

**FARM FIRE AND CASUALTY COMPANY,** in the above numbered and entitled cause,

written notice, by mail, ten (10) days in advance of any date fixed for any trial or hearing

of the case, whether on exception, rules or the merits thereof.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana

Code of Civil Procedure, you are hereby additionally requested to send us immediate notice

of any order or judgment made or rendered in this case upon the entry of any such order or

judgment.

Thank you for your cooperation.

Respectfully submitted:

**PLAUCHÉ, SMITH & NIESET, L.L.C.**

By: _____

**CHRISTOPHER P. IEYOUB (#16978)**
**V. ED MCGUIRE, III (#23861)**
**ERIC W. ROAN (#22568)**
**CHRISTOPHER J. RINN (#38387)**
1123 Pithon Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-0522
Facsimile: (337) 436-9637
cieyoub@psnlaw.com
emcguire@psnlaw.com
eroan@psnlaw.com
crinn@psnlaw.com
*Attorneys for Defendant,*
***State Farm Fire and Casualty Company***